## State *v.* Wade.

It is not necessary that an indictment, under the act of July 14, 1855, for the unlicensed sale of intoxicating liquor, should negative the provisions of the twenty-third section of the act, exempting from its operation all sales made to agents within three months from the time when the act took effect, and sales by one agent to another at any period.

It is necessary that an indictment for a statute offence should negative an exception to the statute, only when the exception is so contained in the enacting clause thereof as to be descriptive of the offence.

THIS was an indictment found against the defendant, at the trial term of this court, in October last, for selling to one Burnham Thompson one glass of intoxicating liquor, in violation of the provisions of the act of July 14, 1855, entitled an act for the suppression of intemperance.

The indictment set out the sale on the 24th day of September, A. D. 1856, but contained no other allegation that the sale was not made within three months of the time the act took effect; but the first count contained an allegation that said Thompson was not an agent appointed for the sale of liquors under the provisions of that act. The indictment was referred to in the argument as a part of the case.

The defendant's counsel excepted, at the trial, to the sufficiency of the indictment, and moved that the same be quashed.

The court overruled the exception, and the jury returned a verdict of guilty.

*Marston* and *Wood,* for the respondent.

*Sullivan,* Attorney General, and *Bell,* Solicitor, for the State.

FOWLER, J. The twenty-third section of the act of July 14, 1855, under which the present indictment was found, provides that the provisions of the act shall not apply to sales of liquors

made to the agents of towns appointed for the sale of liquors, within three months after the law went into effect, nor to the sale of liquors by one agent to another at any time. The objection taken is, that the indictment does not negative the provisions of this section, by averring that the sale charged against the respondent does not come within them.

It has been repeatedly decided in this State and elsewhere, that it is only necessary, in an indictment for a statutory offence, to negative an exception to the statute, when that exception is so contained in the enacting clause of the statute as to render the negativing of it an essential part of the description of the offence charged. The authorities on this point were collected, and so fully examined and considered in *State* v. *Fuller*, 33 N. H. 259, and in *State* v. *McGlynn*, *Ante* 422, decided in Hillsborough, during the present term, that it is hardly necessary again to refer to them.

In *State* v. *Fuller*, one position taken was that the previous law prohibiting the sale of intoxicating liquors must be *understood* as having been enacted subject to a proviso exempting from its operation foreign liquors, imported under the laws of the United States and sold by the importer thereof in the original casks and packages in which they were imported, and that therefore it was necessary, in an indictment for a violation of its provisions, to allege that the liquors charged to have been sold were not such foreign liquors, so imported and sold. In *State* v. *McGlynn*, it was insisted that the indictment should have negatived substantially the same proviso expressed in the last clause of the first section of the act of July 14, 1855. In both cases the positions taken were overruled, on the principle already stated.

In the case now before us, had the sale been alleged and proved to have taken place within three months of the time when the act took effect, no averment that the sale was not within the provisions of the twenty-third section of the act would have been necessary. The exception not being contained within

State *v.* Wade.

the enacting clause, in such a way as to be descriptive of the offence charged in the indictment, and to render the negativing it an essential portion of the description of that offence, it was incumbent on the respondent, if he could do so, to show himself entitled to the benefit of it by evidence.

*There must, therefore, be judgment upon the verdict.*